IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | Case No. 4:12-CV-2676 |
| ) | |
| AMERICUS MORTGAGE ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' REPLY MEMORANDUM
### IN SUPPORT OF MOTION TO STRIKE

Many paragraphs of the Complaint should be stricken.[1] The Oppositions confirm that the Complaint contains many assertions that have absolutely no bearing upon the subject matter of the litigation and are unfairly prejudicial. Compl. ¶¶ 7, 11, 55 - 82, 105, 106, 108, and 109 (collectively, the "Paragraphs"). These paragraphs serve no purpose other than to cast Mr. Hodge in a derogatory light, and by implication, all of the other

---

[1] Unless otherwise stated, the definitions and abbreviations used in the Memorandum in Support of Motion to Strike, ECF #61, are also used herein. For example, the term "Complaint" refers to the Second Amended Complaint filed by the Government in this lawsuit. The term "Allied Corporation" is used to facilitate comparison with the Complaint, but the current name of Allied Corporation is "AllQuest Home Mortgage Corporation." Similarly, the term "Allied Capital" is also used to facilitate comparison, but the current name of Allied Capital is "Americus Mortgage Corporation." The term "Oppositions" refers to the consolidated Opposition (ECF #69) filed by the Government to each defendant's Motion to Dismiss, as well as to the Opposition (ECF #68) to the defendants' consolidated Motion to Strike. References to the individual Oppositions are identified by ECF number.

defendants. Consequently, these assertions should be stricken as "redundant, immaterial, impertinent, or scandalous," as permitted by Rule 12(f), Fed. R. Civ. P.

## ARGUMENT

The Opposition (ECF #69) to the Defendants' Motions to Dismiss clarifies that all FCA claims are based upon unspecified "statements and certifications in the individual loan files" (hereinafter the "Loan Application Documents") that Allied Capital supposedly submitted ***directly*** to HUD as an inducement to obtain FHA insurance endorsed on those loans.[2] ECF #69 at 13-18. None of the assertions in the Paragraphs, however, relate in any way to Loan Application Documents. Consequently, none of the Paragraphs are relevant to any violation of the FCA.

Moreover, both Oppositions (ECF #68 and 69) are legally incorrect and factually implausible on the two fundamental foundations of the Government's FCA claims: (1) Allied Capital did not submit any Loan Application Documents directly to HUD; and (2) HUD regulations and guidelines actually authorized satellite branch offices. This means that the Government's "shadow branches" theory is without merit. *E.g.*, HUD Mortgagee Letter 94-39, ¶ B (August 9, 1994) (stating, *inter alia*, that "mortgagees may operate satellite offices" and that such satellite offices "must not have direct contact with HUD (i.e. cannot order FHA case numbers and cannot submit loans for endorsement.)"). Similarly, the Government's factually false theory of FCA liability is without merit.

---

[2] The term "FCA" refers to the False Claims Act, 31 U.S.C. § 3729 *et seq.* Similarly, "FIRREA" refers to the Financial Institutions Reform, Recovery and Enforcement Act on which the Government relies, 12 U.S.C. § 1833a, incorporating 18 U.S.C. §§ 1006 and 1004.

These two issues (Loan Application Documents and "shadow branches") are addressed comprehensively in the Consolidated Reply filed contemporaneously herewith by Defendants Allied Capital, Jim Hodge, and Jeanne Stell, in support of their Motions to Dismiss. To minimize repetition, Sections IA(1) and (2) from that Reply are incorporated herein, as if fully restated. Essentially, though, the Complaint does not describe, because it cannot describe, a single Loan Application Document that Allied Capital actually submitted directly to HUD for the purpose of obtaining FHA insurance endorsed on a loan. The reason for the Complaint's fatal lack of specificity is that Allied Capital (a loan correspondent according to the Complaint ¶¶ 5 and 17) did not submit any Loan Application Documents directly to HUD, for any reason, let alone for the endorsement of FHA insurance on mortgage loans. As the Complaint admits, sponsoring mortgagees – not Allied Capital – submitted Loan Application Documents to HUD for FHA insurance. Compl. ¶¶ 18, 27. It is, therefore, misleading and/or disingenuous for the Government to argue that Allied Capital made such submissions.

Consequently, the Paragraphs are untenable, as a matter of law, to support the Government's FCA claim. The Paragraphs should be stricken as "redundant, immaterial, impertinent, or scandalous." Rule 12(f). *See, e.g., Dupell v. K. Hovnanian Cos*., No. 3:12-CV-6, 2012 U.S. Dist. LEXIS 69670, at *9, *19 (N.D. W. Va. May 18, 2012) (stating that Rule 12(f) motions are drastic, disfavored, and rarely granted, but granting the motion in that case because the assertions at issue were untenable as a matter of law).[3]

---

[3] The *Dupell* opinion is cited by the Government in its Opposition, ECF#68, and included in its Appendix, ECF#68-1 at PA33.

The Opposition (ECF #69) also clarifies that all FIRREA claims are based on "four species of documents." These are: (1) the same unspecified Loan Application Documents described above; (2) unspecified Branch Certifications supposedly submitted by Allied Capital and Allied Corporation to HUD; (3) annual certifications submitted in 2006 and 2007 by Allied Capital to HUD; and (4) unspecified quality control reports supposedly submitted by Allied Capital to HUD.  Opp. ECF #69 at 45 – 49.  None of the Paragraphs, however, relate in any way to the FIRREA claims asserted in the Complaint.

Paragraphs 105 and 106 of the Complaint concern Mercantile Insurance & Fidelity Company ("Mercantile"), an entity owned by Mr. Hodge, which issued bonds for Allied Capital's lending operations.  The Complaint has not asserted any facts, and the Opposition (ECF #68) to this Motion to Strike has not explained how these bonds were improper.  This is not surprising.  The Complaint cannot assert, in good faith, that any state regulator ever found fault with these bonds.  The Complaint also cannot assert, in good faith, that any claim against the bonds issued by Mercantile was ever refused.

More importantly, the Complaint does not and cannot assert that the bonds issued by Mercantile constitute violations of the FCA.  These bonds were not part of the unspecified Loan Application Documents or shadow branches, especially since Allied Capital was a loan correspondent and did not submit Loan Application Documents to HUD for the endorsement of FHA insurance on mortgage loans.  *See* Compl. ¶¶ 18, 27.

Similarly, the Complaint does not and cannot assert that the bonds issued by Mercantile constitute a false statement or report within the meaning of FIRREA. Mercantile, just like the underwriters at Lloyds of London, was a surplus lines insurance

4

carrier.  *E.g., Ketona Chem. Corp. v. Globe Indem. Co.*, 404 F.2d 181, 183-84 (5th Cir. 1968) (explaining why underwriters at Lloyds were surplus lines insurers and exempt from Alabama's Unauthorized Insurer's Act); *Lemy v. Direct Gen. Fin. Co.*, No. 8:11-cv-2722-T-23, 2012 U.S. Dist. LEXIS 114337, at *2-3 (M.D. Fl Aug. 14, 2012) (recognizing underwriters of Lloyds as a surplus line insurer, and holding that a private right of action was not cognizable for purported violations of surplus lines' insurance regulations).  *See generally*, 15 U.S.C. §§ 8201 to 8206 (defining **unlicensed** insurers to be "nonadmitted insurers" who place "nonadmitted insurance" through *surplus lines* brokers).

There is nothing false or misleading about being a surplus lines (or a "nonadmitted") insurer.  Paragraphs 105 and 106 should, therefore, be stricken as not only irrelevant and immaterial to any claim asserted in the Complaint (*see* pages 31 – 38), but also scandalous and unfairly prejudicial.

Paragraphs 11 and 108 – 109 of the Complaint assert that Mr. Hodge:  created a "culture of corruption" at Allied Capital; "intimidated employees;" "silenced former employees;" and "concealed corruption," as well as "persistently monitored and intimidated" employees.   Again, these assertions are only made to cast Mr. Hodge in a derogatory light, and by implication, all of the other defendants.

There is nothing about these assertions that concern unspecified Loan Application Documents that were supposedly submitted to HUD for the endorsement of FHA insurance on mortgage loans, which is the basis of the Government's FCA claims.  Opp. ECF #69 at 13-18.  Similarly, there is nothing about these assertions that was false or misleading in a statement or report to HUD or the FHA, which is the basis of the

5

Government's FIRREA claims. Opp. ECF #69 at 45 – 49. Paragraphs 11, and 108-09 should be stricken as irrelevant and immaterial to any claim asserted in the Complaint (*see* pages 31 – 38).

Finally, Paragraphs 7, and 55 – 82 of the Complaint assert that Mr. Hodge supposedly lied to branch managers about his misuse of their income, and supposedly left branch managers unfairly exposed financially for branch expenses. These assertions, however, largely relate to events that occurred after the Government filed this lawsuit on November 1, 2011.[4] This means that none of these assertions can concern any Branch Certifications by either Allied Capital or Allied Corporation.

Allied Capital has not made any Branch Certifications for more than two years, because HUD discontinued the loan correspondent program on January 1, 2011. 75 Fed Reg. 20718, 20723 (April 20, 2010). In other words, Allied Capital has not been a

---

[4] The assertions about branch expenses in Paragraphs 7 and 55-82 are conspicuously long on conclusory generalizations, and very short on specifics, especially in the time period before 2011 and after the consent decree that Allied Capital and HUD entered on August 5, 2003. Compl. ¶ 61. Only two types of expenses are actually described during that timeframe, and none were improper. The Complaint actually concedes "lenders are permitted to pay branch managers the commission resulting from branch revenue minus branch expenses." Compl. ¶ 30. Consequently, a legal settlement involving a branch would be an expense deducted from branch revenue before the manager received any commission. *C.f.,* Compl ¶ 65. Further, the Complaint does not assert, because it cannot assert in good faith that Allied Capital required branch managers, personally, to enter into long term leases for their branch offices. *C.f.*, Compl. ¶¶ 70, 71, 74 (leases), and 77. Rather, the Complaint concedes, as it must, that corporate policy dictated a month to month lease, but some branch managers unilaterally entered into longer term leases. *See* Compl. ¶ 77. That is, branch managers decided that their personal economic interests were better served by obtaining long term leases because of a lower branch expense or employment security. In either event, the assertions do not show a violation of HUD regulations or guidelines, let alone a plausible FCA or FIRREA claim. The assertions only show an improper attempt to discredit Mr. Hodge.
.

6

participant in the HUD or FHA-insured mortgage loan programs since January 1, 2011, and could not have made any Branch Certifications to HUD or the FHA since that time, let alone false or misleading ones.

Allied Corporation, by contrast, has been a participant in the HUD and FHA-insured mortgage loan programs as a sponsor mortgagee for many years prior to and since January 1, 2011. Since November 1, 2011, however, as HUD knows (through the FHA Connection website maintained by HUD, which is accessible to authorized users via www.hud.gov), Allied Corporation has only *lost* all of its branches.

That is, the Complaint has not asserted, and cannot assert in good faith, that Allied Capital or Allied Corporation has made any Branch Certifications since November 1, 2011. Consequently, the assertions in Paragraphs 7 and 55 – 82 could only be intended to cast Mr. Hodge in a derogatory light, and by implication, all of the other defendants. Paragraphs 7 and 55 – 82 should be stricken as irrelevant and immaterial to any claim asserted in the Complaint.

## CONCLUSION

The Government has made many conclusory and generalized assertions that have no bearing upon any purported violation of the FCA or FIRREA. The Paragraphs described herein are also unfairly prejudicial. The Government has made these irrelevant assertions for that very reason – unfair prejudice. The Government's smear campaign against Mr. Hodge should be seen for what it is, and should not be condoned. Immaterial, impertinent, scandalous, and clearly inaccurate assertions that are unfairly prejudicial should be stricken, pursuant to Rule 12(f), Fed. R. Civ. P.

DATE:  January 7, 2013

Respectfully submitted,

**Munsch Hardt Kopf & Harr, P.C.**

By:  /s/Fred Wahrlich by permission BEA
Fred Wahrlich
Texas Bar No. 20666500
SD No. 248
700 Louisiana, Suite 4600
Houston, Texas 77002-2732
Tel:  (713) 222-1469
Fax: (713) 222-5869
fwahrlich@munsch.com

**ATTORNEYS-IN-CHARGE FOR DEFENDANTS,** *Allied Capital, Allied Corporation, Jim C. Hodge, and Jeanne Stell*

**Of Counsel**

Mitchel H. Kider
David M. Souders
Bruce E. Alexander
WEINER BRODSKY KIDER PC
1300 19th Street, N.W. 5th Floor
Washington, DC 20036
(202) 628-2000
(202) 628-2011 (Fax)
kider@thewbkfirm.com
souders@thewbkfirm.com
alexander@thewbkfirm.com

8

## CERTIFICATE OF SERVICE

I hereby certify that, on this 7th day of January, 2013, a copy of the foregoing Reply Memorandum in Support of Motion to Strike was served upon all parties and counsel of record through the Court's CM/ECF system.

| | |
|---|---|
| Jaimie L. Nawaday<br>Special Assistant United States Attorney<br>Jeannette Vargas<br>Nick Boeving<br>86 Chambers Street, 3rd Floor<br>New York, NY 10007<br>Email: jaimie.nawaday@usdoj.gov<br>jeannette. vargas@usdoj .gov<br>nick.boeving@usdoj .gov<br><br>Attorney-in-Charge for Plaintiff | Ernest C. Garcia<br>Assistant U.S. Attorney<br>Southern District of Texas<br>1000 Louisiana St., Suite 2300<br>Houston, TX 77002<br>Email: ernest.garcia@usdoj.gov |

                                                  /s/Bruce E. Alexander
                                                Bruce E. Alexander