

**U.S. Department of Justice**



*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 24, 2014

**BY ELECTRONIC CASE FILING**
The Honorable George C. Hanks, Jr.
United States Magistrate Judge
United States Courthouse
515 Rusk Avenue, Room 7727
Houston, Texas 77002

       Re:    United States v. Americus Mortgage Corp., *et al.*, 12 Civ. 2676 (GCH)

Dear Judge Hanks:

       This Office represents the United States of America in this action.  We write respectfully to respond to Defendants' letter dated March 5, 2014, which provides citations for the Court's consideration in connection with their motions to dismiss portions of the Third Amended Complaint.  None of these cases support dismissal of the Government's False Claims Act ("FCA") or Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") claims.

       *First,* Defendants mistakenly rely on two health-care cases: *United States ex rel. Hansen v. Deming Hospital Corp.*, No. 11-cv-0566, 2013 U.S. Dist. LEXIS 136539 (D.N.M. Nov. 21, 2013), and *United States ex rel. Rostholder v. Omnicare, Inc.*, No. 12-cv-2431, 2014 U.S. App. LEXIS 3269 (4th Cir. Feb. 21, 2014).  In those cases, the courts found that compliance with the relevant requirements was not required for payments by Medicare or Medicaid.  *See Rostholder*, 2014 U.S. App. LEXIS 3269, at *15-16; *Hansen*, 2013 U.S. Dist. LEXIS 136539, at *26-27.  By contrast, the loan-level and annual certifications at issue in this case are the *sine qua non* of FHA insurance payments.  The certifications implicate borrower creditworthiness and the process that Defendants used to ensure that borrowers could afford to repay the loans, and thus bore directly on payment decisions.  Moreover, these certifications are actionable under the FCA *both* as false statements and under a fraudulent inducement theory.  *See United States ex rel. Longhi v. Lithium Power Techs., Inc.*, 575 F.3d 458, 467-68 (5th Cir. 2009).  The distinction between conditions of participation and payment thus does not support Defendants' arguments.

       *Second*, Defendants refer to three cases, two of which already have been cited in briefing, for the proposition that a plaintiff alleging a complex fraud need not plead the details of every false claim, but may plead representative examples.  *See* Defs.' Ltr. at 2 (citing cases).  The United States has done just that.  The Third Amended Complaint contains six examples of loans with specific details of myriad underwriting defects that are a "representative sample of Allied Corporation's fraudulent practices."  Third Amended Compl. ¶ 137; *see also id.* ¶¶ 138-73 (examples), ¶ 174 (examples are "illustrative of an ongoing pattern of flawed underwriting").

*Third*, on the issue of indemnification, Defendants offer *Texas v. United States*, 497 F.3d 491 (5th Cir. 2007), for the proposition that the doctrines of standing and ripeness generally flow from Article III of the Constitution. Nevertheless, as the Supreme Court has recognized, federal common law governs where, as here, "the rights and obligations of the United States" are at issue. *See Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641 (1981). Defendants' other case, *Mathias v. United Homes, LLC,* 607 F. Supp. 2d 411 (E.D.N.Y. 2009), involved private litigants, not the United States, and is thus distinguishable.

*Fourth*, with respect to the Government's claims under FIRREA predicated on 18 U.S.C. § 1006, Defendants offer no new cases, underscoring counsel's admission at oral argument that he was not aware of any new cases interpreting Section 1006 inconsistently with this Court's prior rulings. Defendants purport to rely on the rule of lenity, but fail to justify its application to the plain language of Section 1006. *See, e.g., Dorsey v. United States*, 132 S. Ct. 2321, 2343 (2012) (ambiguity is a "pre-condition to invocation of the rule"). As this Court correctly has found, Section 1006 clearly applies to "whoever" is "connected in any capacity" to HUD.

Thank you for your consideration of this submission.

        Respectfully,

        KENNETH MAGIDSON
        United States Attorney

By:   */s/ Joseph N. Cordaro*
      JEANNETTE A. VARGAS
      JAMES NICHOLAS BOEVING
      JOSEPH N. CORDARO
      Special Assistant United States Attorneys
      Telephone: (212) 637-2678, 2748, 2745
      Facsimile: (212) 637-2686
      Email: jeannette.vargas@usdoj.gov
           james.n.boeving@usdoj.gov
           joseph.cordaro@usdoj.gov

cc:    <u>By Electronic Mail</u>
      Bruce E. Alexander, Esq.
      Don J. DeGabrielle, Esq.
      Craig D. Margolis, Esq.
      Philip H. Hilder, Esq.