UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff* | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2676 |
| | § | |
| ALLQUEST HOME MORTGAGE | § | |
| CORPORATION, et al., | § | |
| | § | |
| *Defendants.* | § | |

**SPECIAL JURY VERDICT FORM**

We, the Jury, first being first duly empaneled and then sworn in the above-entitled cause, find as follows:

1

## FALSE CLAIMS ACT

## UNREGISTERED BRANCHES : 31 U.S.C. § 3729(a)(1)(B)

### Question 1

Do you find, by a preponderance of the evidence, that Allied Capital and/or Jim Hodge violated the False Claims Act by knowingly representing to HUD that certain FHA-insured loans were originated from HUD-approved Allied Capital branches, and were therefore eligible for FHA insurance, when in fact they were not?

Under the False Claims Act, any person, including a corporation, who knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim is liable to the United States.

**Answer "Yes" or "No" for each of the following:**

| | |
|---|---|
| **Allied Capital** | Yes |
| **Jim Hodge** | Yes |

*If you answered "Yes" to any line in Question 1, go to Question 2. If you did not answer "Yes" for at least one line in Question 1, go to Question 5.*

### Question 2

For each Defendant you marked "Yes" in Question 1, specify how many claims that you find were submitted as a result of that Defendant's violation(s) of the False Claims Act in connection with knowingly representing to HUD that certain FHA-insured loans were originated from HUD-approved Allied Capital branches, and were therefore eligible for FHA insurance, when in fact they were not:

| | |
|---|---|
| **Allied Capital** | 103 |
| **Jim Hodge** | 103 |

*If you answered "Yes" for Allied Capital in Question 1, go to Question 3. If you did not answer "Yes" for Allied Capital in Question 1, go to Question 4.*

2

## Question 3

What is the total dollar amount of damages that the FHA sustained as a result of Allied Capital's violation(s) of the False Claims Act that you found in Questions 1 and 2?

$ __7,370,132.00__

*If you answered "Yes" for Jim Hodge in Question 1, go to Question 4. If you did not answer "Yes" for Jim Hodge in Question 1, go to Question 5.*

## Question 4

What is the total dollar amount of damages that the FHA sustained as a result of Jim Hodge's violation(s) of the False Claims Act that you found in Questions 1 and 2?

$ __7,370,132.00__

*Go to Question 5.*

# FALSE CLAIMS ACT

## UNDERWRITING : 31 U.S.C. § 3729(a)(1)(B)

### Question 5

Do you find, by a preponderance of the evidence, that Allied Corporation violated the False Claims Act by knowingly representing to HUD that certain FHA-insured loans had been underwritten with due diligence and were eligible for FHA insurance when, in fact, they were not?

Under the False Claims Act, any person, including a corporation, who knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim is liable to the United States.

**Answer "Yes" or "No" for each of the following:**

**Allied Corporation**  _____Yes_____

*If you answered "Yes" to Question 5, go to Question 6. If you did not answer "Yes" to Question 5, go to Question 8.*

### Question 6

Specify how many claims that you find were submitted as a result of Allied Corporation's violation(s) of the False Claims Act in connection with knowingly representing to HUD that certain FHA-insured loans had been underwritten with due diligence and were eligible for FHA insurance when, in fact, they were not:

**Allied Corporation**  _____1,192_____

*If you answered "Yes" to Question 5, go to Question 7. If you did not answer "Yes" to Question 5, go to Question 8.*

## Question 7

What is the total dollar amount of damages that the FHA sustained as a result of Allied Corporation's violation(s) of the False Claims Act that you found in Questions 5 and 6?

$ __85,612,643.00__

# FALSE CLAIMS ACT

## UNDERWRITING : 31 U.S.C. § 3729(a)(1)(A)

### Question 8

Do you find, by a preponderance of the evidence, that Allied Corporation violated the False Claims Act by knowingly representing to HUD that certain FHA-insured loans had been underwritten with due diligence and were eligible for FHA insurance when, in fact, they were not?

Under the False Claims Act, any person, including a corporation, who knowingly presents, or causes to be presented, a false or fraudulent claim for payment is liable to the United States.

**Answer "Yes" or "No" for each of the following:**

**Allied Corporation**     _____Yes_____

*If you answered "Yes" to Question 8, go to Question 9. If you did not answer "Yes" to Question 8, go to Question 11.*

### Question 9

Specify how many claims that you find were submitted as a result of Allied Corporation's violation(s) of the False Claims Act in connection with knowingly representing to HUD that certain FHA-insured loans had been underwritten with due diligence and were eligible for FHA insurance when, in fact, they were not:

**Allied Corporation**     _____1,192_____

*If you answered "Yes" to Question 8, go to Question 10. If you did not answer "Yes" to Question 8, go to Question 11.*

## Question 10

What is the total dollar amount of damages that the FHA sustained as a result of Allied Corporation's violation(s) of the False Claims Act that you found in Questions 8 and 9?

$ __85,612,643.00__

# FIRREA

## Section 1006 : False Annual Certifications

## Question 11

Do you find, by a preponderance of the evidence, that Allied Capital, Allied Corporation, and/or Jim Hodge violated FIRREA by submitting or causing the submission of false certifications to HUD concerning Allied Capital's and/or Allied Corporation's compliance with HUD's quality control requirements?

To establish a violation of this section of FIRREA, the United States must prove, by a preponderance of the evidence, that:

(i)   the Defendant was connected in any capacity with HUD;
(ii)  the Defendant knowingly made, or caused to be made, a false entry concerning a material fact in a statement to HUD; and
(iii) the Defendant did so with the intent to defraud or deceive HUD.

**Answer "Yes" or "No" for each of the following:**

| | |
|---|---|
| **Allied Capital** | Yes |
| **Allied Corporation** | Yes |
| **Jim Hodge** | Yes |

*Go to Question 12.*

8

# FIRREA

## Section 1014 : False Annual Certifications

## Question 12

Do you find, by a preponderance of the evidence, that Allied Capital, Allied Corporation, and/or Jim Hodge violated FIRREA by submitting or causing the submission of false certifications to HUD concerning Allied Capital's and/or Allied Corporation's compliance with HUD's quality control requirements?

To establish a violation of this section of FIRREA, the United States must prove, by a preponderance of the evidence, that

(i) the Defendant made a false statement to the FHA;
(ii) the Defendant knew that the statement was false when it was made; and
(iii) the Defendant made the false statement for the purpose of influencing the FHA.

It is not necessary, however, to prove that the FHA was, in fact, influenced or misled. What must be proven is that the Defendant intended to influence the decision of the FHA by the false statement.

This section only applies to statements made on or after July 30, 2008.

**Answer "Yes" or "No" for each of the following:**

**Allied Capital** _____Yes_____

**Allied Corporation** _____Yes_____

**Jim Hodge** _____Yes_____

*Go to Question 13.*

## FIRREA

## Section 1006 : False Quality Control Documents

## Question 13

Do you find, by a preponderance of the evidence, that Allied Capital, Allied Corporation, and/or Jim Hodge violated FIRREA by submitting or causing the submission of false quality control documents to HUD?

To establish a violation of this section of FIRREA, the United States must prove, by a preponderance of the evidence, that:

(i)   the Defendant was connected in any capacity with HUD;
(ii)  the Defendant knowingly made, or caused to be made, a false entry concerning a material fact in a statement to HUD; and
(iii) the Defendant did so with the intent to defraud or deceive HUD.

**Answer "Yes" or "No" for each of the following:**

**Allied Capital**          Yes

**Allied Corporation**      Yes

**Jim Hodge**               Yes

*Go to Question 14.*

10

## FIRREA

## Section 1014 : False Quality Control Documents

## Question 14

Do you find, by a preponderance of the evidence, that Allied Capital, Allied Corporation, and/or Jim Hodge violated FIRREA by submitting or causing the submission of false quality control documents to HUD?

To establish a violation of this section of FIRREA, the United States must prove, by a preponderance of the evidence, that

(i)   the Defendant made a false statement to the FHA;
(ii)  the Defendant knew that the statement was false when it was made; and
(iii) the Defendant made the false statement for the purpose of influencing the FHA.

It is not necessary, however, to prove that the FHA was, in fact, influenced or misled. What must be proven is that the Defendant intended to influence the decision of the FHA by the false statement.

This section only applies to statements made on or after July 30, 2008.

**Answer "Yes" or "No" for each of the following:**

**Allied Capital**          ___Yes___

**Allied Corporation**      ___Yes___

**Jim Hodge**               ___Yes___

11

The foregoing constitutes the jury's unanimous verdict in this matter.

DATED: 11-29-16                                                                 HOUSTON, TEXAS

Original signature on File

_____
SIGNATURE OF JURY FOREPERSON