UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-2676 |
| § | |
| AMERICUS MORTGAGE § | |
| CORPORATION *et al*, § | |
| § | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Allied's Motion for New Trial. Dkt. 505. "The court may, on motion, grant a new trial on all or some of the issues—and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (footnotes omitted). *See also Beckham v. La. Dock Co., L.L.C.*, 124 Fed. App'x. 268, 270 (5th Cir. 2005); *Vackar v. Sentry Supply Inc.*, No. CIV.A. H-12-3716, 2015 WL 338616, at *2 (S.D. Tex. Jan. 26, 2015).

A Rule 59 motion is not granted "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) (quotation marks omitted). "Unless justice requires

otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial .... At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." FED. R. CIV. P. 61. In determining whether to grant a motion for new trial, the court must view the evidence "in a light most favorable to the jury's verdict." *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992).

Significant deference is owed to the jury's verdict; "a new trial should not be granted unless the verdict is against the great weight of the evidence, not merely the preponderance of the evidence." *Dresser–Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838-39 (5th Cir. 2004) (internal citation omitted); *see also Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998) (explaining that courts affirm the verdict unless the evidence "points so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary conclusion." (internal citations and quotation marks omitted)).

The Court finds that Allied has not shown that the trial was unfair or that prejudicial error crept into the proceedings. Further, the Court finds that the great weight of the evidence favors the verdict. Accordingly, Allied's motion for a new trial is **DENIED**. To the extent that, as a part of this pending motion, Allied argues that the Court failed to adequately explain its denial of Allied's *Daubert* motion regarding expert witness Richard Payne, the Court restates its analysis and ruling below.

In denying the *Daubert* motion, the Court found that Payne's expert testimony was both relevant and reliable and that he was abundantly qualified to testify to whether

certain mortgage loans were eligible for FHA insurance. *See* Dkt. 297-2. The Court also found that his testimony would help the jury to understand the evidence in a large-scale mortgage fraud case. The Court found that the methodology utilized by Payne—which included his reliance on data produced from statistical sampling and the subsequent extrapolation of his findings—rested on a reliable foundation. This methodology has been widely adopted by the Fifth Circuit as well as other circuits in cases involving a large amount of data. *See, e.g., In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1020 (5th Cir. 1997) ("The applicability of inferential statistics have long been recognized by the courts."); *United States v. Lahey Clinic Hospital, Inc.*, 399 F.3d 1, 18 n.19 (1st Cir. 2005) ("[S]ampling of similar claims and extrapolation from the sample is a recognized method of proof."); *Ratansen v. Cal. Dept. of Health Servs.*, 11 F.3d 1467, 1471 (9th Cir. 1993).

SIGNED at Galveston, Texas, this 14th day of September, 2017.

George C. Hanks, Jr.
United States District Judge